**JOE WAY CHONG, Appellant, v. Luther WEEDIN, as Commissioner of Immigration at the Port of Seattle, Washington, Appellee.**

(Circuit Court of Appeals, Ninth Circuit. June 7, 1926.)

No. 4862.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

S. A. Keenan, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

GILBERT, Circuit Judge. The appeal in the present case is devoid of merit. The appellant was denied his application for admission to the United States as the foreign-born son of Jew Doo Ngow, who had been admitted on May 21, 1909, as the son of Jew Sew, an American-born Chinese. Permission to land was denied on two grounds: First, that his father had never resided in the United States prior to the applicant's birth; and, second, that the evidence failed to show that the applicant was the son of his alleged father. Jew Doo Ngow, on his admission in 1909, testified that he was not married, had never been married, and had no children. His alleged father testified to the same effect. Three of his alleged brothers, who had been admitted, also testified that Jew Doo Ngow was never married.

In view of those statements so made under oath, it is not surprising that the board of special inquiry were unable to believe that on December 21, 1904, Jew Doo Ngow was married in China at a time when he was less than 17 years of age, and that three sons were born to him there before he came to this country in 1909. His diverse explanations of his prior testimony given under oath in 1909 were found by the special board of inquiry fanciful and unconvincing, and the evidence of Jew Quan who testified that he was present at the marriage of Jew Doo Ngow in China was found by the board an absurd fabrication. Clearly the alleged father of the appellant committed perjury, either at the time of his admission into the United States or at the time of the hearing here in question, and we are not convinced that the board were wrong in reaching the conclusion that the former testimony was true and that the latter was perjured.

The judgment denying the writ of habeas corpus is affirmed.